**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR**
**ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO FILE A CONSOLIDATED LIST OF**
**CREDITORS AND A CONSOLIDATED LIST OF THE 50 LARGEST**
**UNSECURED CREDITORS, (II) AUTHORIZING THE DEBTORS TO**
**REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION, AND**
**(III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE**
**COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.  A HEARING WILL BE HELD ON THIS MATTER FOR JUNE 15, 2017, AT 1:30 P.M. (CT) BEFORE THE HONORABLE MARVIN J. ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion").

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information, and (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

## Jurisdiction, Venue, and Procedural Background

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

*District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 6003, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

4.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mark A. McFarland in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion.

## I.      Consolidated Creditor Matrix.

5.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity  included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[2]  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  Accordingly, the

---

[2]     *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

Debtors respectfully request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors.

## II.     Consolidated List of the 50 Largest General Unsecured Creditors.

6.     Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "Top 50 List"). The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[3]

## III.     Redaction of Certain Confidential Information.

7.     Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—customers, and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft. The Debtors propose to provide an

---

[3]   Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports and (II) Granting Related Relief*, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

unredacted version of the Creditor Matrix to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any official committee of unsecured creditors appointed in these chapter 11 cases.

**IV.    Service of the Notice of Commencement.**

8.    Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:  (1) the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

9.    Through Epiq Bankruptcy Solutions, LLC, the Debtors' proposed claims, noticing, solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.   Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.   Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

**Emergency Consideration**

10.    In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth

in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**<u>Notice</u>**

11.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Trust Company, as indenture trustee for the GenOn Energy, Inc. 7.875% Senior Notes due 2017, 9.50% Senior Notes due 2018, and 9.875% Senior Notes due 2020, (collectively, the "<u>GenOn Notes</u>"), and counsel thereto; (d) Wilmington Savings Fund Society, FSB, as successor indenture trustee for the GenOn Americas Generation, LLC 8.50% Senior Notes due 2021 and 9.125% Senior Notes due 2031, (collectively, the "<u>GAG Notes</u>"), and counsel thereto; (e) NRG Energy, Inc., as administrative agent under the Debtors' secured prepetition revolving facility due 2018 (the "<u>Revolver</u>"), and counsel thereto; (f) U.S. Bank National Association, as collateral trustee under the Revolver; (g) Ropes & Gray LLP, as counsel to an ad hoc committee of GenOn Note and GAG Notes; (h) Quinn Emanuel Urquhart & Sullivan, LLP, as counsel to an ad hoc steering committee of GAG Notes; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies

for states in which the Debtors conduct business; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

### No Prior Request

12.     No prior request for the relief sought in this Motion has been made to this or any other court.


[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: June 14, 2017<br>Houston, Texas | */s/ Zack A. Clement* |

<div style="margin-left:2em">

Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone:   (832) 274-7629
Email:       zack.clement@icloud.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
David R. Seligman, P.C. (*pro hac vice* admission pending)
Steven N. Serajeddini (*pro hac vice* admission pending)
W. Benjamin Winger (*pro hac vice* admission pending)
Christopher M. Hayes (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
              david.seligman@kirkland.com
              steven.serajeddini@kirkland.com
              benjamin.winger@kirkland.com
              christopher.hayes@kirkland.com

-and-

AnnElyse Scarlett Gibbons (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       annelyse.gibbons@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

</div>

**<u>Certificate of Service</u>**

I certify that on June 14, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Zack A. Clement*
_____

One of Counsel