

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

ENTERED
06/16/2017

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 14** |

## ORDER (I) ESTABLISHING A RECORD DATE FOR NOTICE
## AND SELL-DOWN PROCEDURES FOR TRADING IN CERTAIN CLAIMS
## AGAINST THE DEBTORS' ESTATES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

effective date for notification and sell-down procedures for trading in claims against the Debtors'

estates and (b) granting related relief, all as more fully set forth in the Motion; and upon the First

Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §

1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and this Court having found that it may enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances

and no other notice need be provided; and this Court having reviewed the Motion and having

heard the statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.       Within five business days after the entry of this Order, the Debtors shall provide

notice, substantially in the form attached hereto as **Exhibit 1**, to each of the Debtors' known

creditors of the terms of this Order.

2.       The Record Date Order Notice is deemed adequate and sufficient so that, if the

Court ultimately approves a Sell-Down Order, claimholders that acquire claims after the date of

this Order, namely the Record Date, in an amount that would entitle them to receive more than

4.5% of the stock of the reorganized Debtors, may be subject to a required sell-down of any

claims purchased after the Record Date to the extent authorized by the Court after appropriate opportunity for notice and a hearing.

3.     Entry of this Order shall in no way (a) be deemed a determination of any kind that entry of a Sell-Down Order is necessary or warranted in these cases and this Court's review of any request for entry of a Sell-Down Order shall be without regard to entry of this Order, or (b) prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and all parties' rights are expressly preserved hereby.

4.     The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

5.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the rights of the Debtors or any other party in interest to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the rights of the Debtors or any other party in interest to dispute the pricing or allocation with respect to any intercompany transactions or arrangements; or (g) a waiver of the Debtors' or any other parties' rights under the Bankruptcy Code or any other applicable law.

6.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

7.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  **6 - 15**, 2017
          Houston, Texas                              United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Form of Record Date Order Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF ENTRY OF AN ORDER ESTABLISHING A
## RECORD DATE FOR NOTICE AND SELL-DOWN PROCEDURES
## FOR TRADING IN CERTAIN CLAIMS AGAINST THE DEBTORS' ESTATES

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT HOLD CLAIMS AGAINST THE DEBTORS:**

**PLEASE TAKE NOTICE THAT** on June 14, 2017 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091).  The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estate or property from the Debtors' estate or to exercise control over property of the Debtors' estate.

PLEASE TAKE FURTHER NOTICE THAT on June 14, 2017, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Certain Claims Against the Debtors' Estates and (II) Granting Related Relief* [Docket No. __] (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on _____, 2017, the Court entered the *Order (I) Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Certain Claims Against the Debtors' Estates and (II) Granting Related Relief* [Docket No. __] (the "Record Date Order") establishing an effective date for notice and the Sell-Down Procedures (as defined in the Motion) for trading in claims against the Debtors' estates. The "Record Date" is the date the Record Date Order was entered, namely _____, 2017.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Record Date Order, claimholders and potential purchasers of claims against the Debtors are hereby notified that, if the Court ultimately approves a Sell-Down Order, claimholders that acquire claims after the Record Date in an amount that would entitle them to receive more than 4.5% of the stock of the reorganized Debtors under the Debtors' plan of reorganization may be subject to a required sell-down of any claims purchased after the Record Date.

PLEASE TAKE FURTHER NOTICE THAT all persons or entities that acquired debt claims against the Debtors after the Record Date and currently hold such claims in such an

amount that the persons or entities holding such claims would be entitled to receive more than 4.5% of the equity of the reorganized Debtors under the Debtors' plan of reorganization shall be required to identify themselves to the Debtors after the Court's approval of the disclosure statement which identifies potential recoveries for creditors.

**PLEASE TAKE FURTHER NOTICE THAT** complete copies of the Motion and Record Date Order, with additional information about the Record Date and possible Sell-Down Order, are available via PACER on the Court's website at https://ecf.txsb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at http://dm.epiq11.com/Genon.

**PLEASE TAKE FURTHER NOTICE THAT**, the entry of the Record Date Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and that all parties' rights are expressly preserved hereby.

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

*[Remainder of page intentionally left blank.]*

Houston, Texas
Dated: _____, 2017

Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone:   (832) 274-7629
Email:          zack.clement@icloud.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
David R. Seligman, P.C. (*pro hac vice* admission pending)
Steven N. Serajeddini (*pro hac vice* admission pending)
W. Benjamin Winger (*pro hac vice* admission pending)
Christopher M. Hayes (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:          james.sprayregen@kirkland.com
                   david.seligman@kirkland.com
                   steven.serajeddini@kirkland.com
                   benjamin.winger@kirkland.com
                   christopher.hayes@kirkland.com

-and-

AnnElyse Scarlett Gibbons (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          annelyse.gibbons@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*