

ENTERED
07/28/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  |  | **Re: Docket Nos. 151, 165, 191** |

### AGREED ORDER LIFTING THE AUTOMATIC STAY
(Docket No. 151)

Upon the *Motion of the Natural Gas Litigation Midwest Class Plaintiffs for an Order Confirming the Automatic Stay Does Not Apply, or Alternatively for Relief from the Automatic Stay* [Docket No. 151], the *Motion of the Natural Gas Litigation Midwest Class Appellants for an Order Granting Relief from the Automatic Stay to Allow Interlocutory Appeal Granted by the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services Midwest, Inc., (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

59564615.4

*Ninth Circuit on the Sole Issue of Class Certification to Proceed* [Docket No. 165], and the *Motion of the Natural Gas Litigation Midwest Class Plaintiffs for An Order Granting Relief from the Automatic Stay to Allow Multi-District Class Action Litigation to Continue* [Docket No. 191] (together, the "Lift Stay Motions");[2] and upon Debtors GenOn Energy, Inc., and RRI Energy Services, LLC (collectively, the "MDL Debtors"), two of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and plaintiffs Natural Gas Litigation Midwest Class Plaintiffs and Appellants, respectively (together, the "Claimants"), having reached an agreement as to a resolution of the Lift Stay Motions (this "Agreed Order"); and after due deliberation, IT IS HEREBY ORDERED:

1. The Lift Stay Motions are granted as set forth herein.

2. Notwithstanding the relief granted in this Agreed Order and any actions taken pursuant to such relief, nothing in this Agreed Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the rights of the Debtors or any party in interest to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Agreed Order or the Lift Stay Motions; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) to affect any claims or constitute a waiver of the Debtors' and any other parties' claims, rights or defenses, if any, under the Bankruptcy Code or any other applicable law.

3. The automatic stay is lifted in its entirety solely with respect to the suits styled: *In re Western States Wholesale Natural Gas Antitrust Litigation*, MDL 1566, Base Case No.

---

[2] Capitalized terms used but not defined herein will have the meanings given to them in the Lift Stay Motions.

2:03-cv-01431-RCJ-PAL (D. Nev.); *Arandell Corp. v. CenterPoint Energy Servs., Inc.*, Case No. 16-17099 (9th Cir.); and *Arandell Corp. v. Cantera Res., Inc.*, Case No. 17-16227 (9th Cir.), and all consolidated, subsidiary actions or other actions related to the foregoing in which the MDL Debtors are a party in (collectively, the "MDL Suits").

4. All pending and future matters in or related to the MDL Suits, including, but not limited to, appeals, trials, post-trial motions, discovery, settlements, and dispositive motions, and remand to the applicable transferor courts whether prosecuted by the Claimants, the MDL Debtors, or another party to the MDL Suits, are authorized to proceed independently of these chapter 11 cases.

5. Any court presiding over the MDL Suits is authorized to resolve outstanding disputes, enter orders, and otherwise make final determinations in connection with the MDL Suits, as necessary, without further Order of this Court.

6. The relief granted by this Agreed Order is limited solely to the adjudication of matters related to the claims and defenses set forth in the MDL Suits, including, without limitation, reducing such claims to judgment and the resolution of any issue on appeal now or in the future, provided Claimants shall take no action to collect, liquidate, or foreclose against any of the Debtors' property during these chapter 11 cases absent a further order of this Court.

7. This Agreed Order is entered in the manner of a settlement pursuant to Bankruptcy Rule 4001(d)(4).

8. The MDL Debtors or the Claimants shall file a copy of this Agreed Order in the courts in which the MDL Suits are pending within three (3) business days after entry of this Agreed Order.

9. By entering into this Agreed Order, the Debtors, including the MDL Debtors, are not waiving and will not be deemed to have waived any available claims or causes of action, including at law, equity, or otherwise in respect to the MDL Suits or Claimants' rights in this bankruptcy proceeding. By entering into this Agreed Order, the Claimants are not waiving and will not be deemed to have waived any available claims or causes of action, including at law, equity, or otherwise in respect to the MDL Suits or Claimants' rights in this bankruptcy proceeding.

10. The Debtors' consent to this Agreed Order is limited solely to the relief granted herein and shall in no way be construed as an admission with respect to the factual allegations contained in the Lift Stay Motions, or any legal conclusions drawn therein.

11. Neither the Agreed Order nor any negotiations and writings in connection with this Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim and defense or right that such party may have against the other party.

12. Each of the parties hereto represents and warrants it is duly authorized to enter into and be bound by this Agreed Order.

13. The fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) shall be, and is hereby waived, such that any stay otherwise applicable to this Order provided by the Bankruptcy Rules or other applicable law shall not apply to this Order and this Order shall be effective and enforceable immediately upon entry.

14. Nothing contained in this Agreed Order in any way affects or impedes Claimants' rights in these chapter 11 cases as to the MDL Debtors, the Debtors or any other party in interest, including without limitation, Claimants' rights to seek any further relief from this Court or any

other court, or to file a motion to allow a class proof of claim, or take a position on any plan of reorganization or claim.

**Signed: July 26, 2017.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Prepared by:

Natural Gas Litigation Midwest Class
Plaintiffs and Appellants

Trey A. Monsour
**POLSINELLI PC**
1000 Louisiana Street
Fifty-Third Floor
Houston, Texas 77002
Telephone:   (713) 374-1600
Email:   tmonsour@polsinelli.com

-and-

Russell S. Jones, Jr.
Andrew Ennis
Andrew J. Nazar
**POLSINELLI PC**
900 West 48th Place, Suite 900
Kansas City, Missouri 641122
Telephone:   (816) 753-1000
Email:   rjones@polsinelli.com
   aennis@polsinelli.com
   anazar@polsinelli.com

*Counsel to Natural Gas Litigation Midwest Class Plaintiffs and Appellants*

-and-

Robert L. Gegios
Ryan M. Billing
Samuel C. Wisotzkey
**KOHNER, MANN & KAILAS, S.C.**
Washington Building
Barnabas Business Center
4650 North Port Washington Road
Milwaukee, Wisconsin 53212
Telephone:   (414) 9625110
Email:   rgegios@kmksc.com
   rbillings@kmksc.com
   swisotzkey@kmksc.com

*Counsel to Natural Gas Litigation Wisconsin Class Plaintiffs*

59564615.4

GenOn Energy, Inc., and RRI Energy Services, LLC

Zack A. Clement (Texas Bar No. 04361550
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone:	(832) 274-7629
Email:	zack.clement@icloud.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
W. Benjamin Winger (admitted *pro hac vice*)
Christopher M. Hayes (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	james.sprayregen@kirkland.com
	david.seligman@kirkland.com
	steven.serajeddini@kirkland.com
	benjamin.winger@kirkland.com
	christopher.hayes@kirkland.com

-and-

AnnElyse Scarlett Gibbons (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900
Email:	annelyse.gibbons@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

59564615.4