IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' OBJECTION TO CERTAIN PROOFS OF CLAIM (NATURAL GAS LITIGATION)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

1

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON MARCH 21, AT 3:00 P.M. (CT) IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the proofs of claim (the "Proofs of Claim"), identified on **Schedule 1** to Exhibit A attached hereto, filed by Arandell Corporation, Briggs & Stratton Corporation, ATI Ladish LLC (f/k/a Ladish Co., Inc.), Carthage College, Heartland Regional Medical Center, Learjet, Inc., Merricks, Inc., Northwest Missouri State University, Prime Tanning Corporation, Reorganized FLI, Inc., Sargento Foods, Inc., Topeka Unified School District 501, Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin System, Inc.) (collectively, the "Natural Gas Plaintiffs"), against Debtors GenOn Energy, Inc. (f/k/a Reliant Energy Inc.) ("GenOn") and RRI Energy Services, Inc. (f/k/a Reliant Energy Services Inc.) ("RRI"), for state law antitrust claims ("Claims") which are currently pending in the multi-

2

district litigation matter captioned *In re Western States Wholesale Natural Gas Antitrust Litigation*, MDL 1566 (the "MDL Litigation"), before the United States District Court for the District of Nevada (the "MDL Court").  The Debtors respectfully represent as follows in support of this Objection.

## PRELIMINARY STATEMENT

1.	Thirteen entities filed twenty-one Proofs of Claim against GenOn and/or RRI arising out of Claims alleging state law antitrust violations pending in the MDL Litigation.  It is clear from the factual record in those cases and from a series of decisions issued by the presiding courts that the Proofs of Claim, two of which exceed $212 million and nineteen of which are unliquidated, are fatally flawed for at least four separate and independent reasons.  *First*, six Natural Gas Plaintiffs who filed Proofs of Claim against GenOn have no claims pending against GenOn in the MDL Litigation.  *Second*, six Natural Gas Plaintiffs' Claims are time barred because they filed their first complaints after the applicable statutes of limitations elapsed. *Third*, none of the Natural Gas Plaintiffs can prove they are entitled to the damages they allege. *Fourth*, the Natural Gas Plaintiffs' Claims fail because neither RRI nor GenOn engaged in antitrust behavior or violated state antitrust laws.  The Debtors accordingly request that the Court expunge and disallow the Proofs of Claim pursuant to section 502 of the Bankruptcy Code.

2.	Summary adjudication of the Natural Gas Plaintiffs' Claims is well within the Court's authority, *see, e.g.*, *In re Sentry Operating Co. of Texas, Inc.*. 273 B.R. 515, 519 (Bankr. S.D. Tex. 2002), and is particularly appropriate in this case.  The Proofs of Claim are predicated on the Natural Gas Plaintiffs' Claims in the MDL Litigation, *see, e.g.*, POC No. 1221 Ex. A at 5, and notwithstanding a series of adverse decisions in that litigation, the Natural Gas Plaintiffs assert their Claims against the Debtors are worth hundreds of millions of dollars. Resolution of these Claims during the pendency of the MDL Litigation, where no trial dates have been set and

3

which will in the future be transferred in pieces for to various courts, would facilitate timely distributions under the Plan (as defined below) and the administration of these chapter 11 cases. Because the grounds on which the Debtors object to the Natural Gas Plaintiffs' Proofs of Claim are harmonious with the MDL Court's rulings to date, including decisions squarely at odds with the Proofs of Claim the Natural Gas Plaintiffs have filed, ruling on the Objection will facilitate the implementation of the Plan while proceeding consistently with the law of the case in the MDL Litigation.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This is a core matter concerning allowance of claims pursuant to 28 U.S.C. section 157(b)(2)(B). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a), 502(b), and 502(c) of title 11 of chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure; and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas.

**RELIEF REQUESTED**

6. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Objection Order"), disallowing and expunging the Proofs of Claim, identified on **Schedule 1**, in their entirety for the reasons stated below.

7. The Debtors also request relief from Bankruptcy Local Rule 3007-1(a)'s requirement that this Objection "include an affidavit signed by a person with personal knowledge supporting the objection." As detailed below and in the *Debtors' Motion to Schedule Certain Dates and Deadlines and Establish Certain Protocols in Connection with Debtors' Objection to Certain Proofs of Claim (Natural Gas Litigation)*, filed contemporaneously herewith, the Debtors propose resolving this Objection through a series of hearings at which witnesses with personal knowledge supporting this Objection will testify to provide the factual bases therefor. As a result, no one person can serve as an affiant in connection with this Objection pursuant to Bankruptcy Local Rule 3007-1(a), and it would be premature to submit such factual testimony at this stage.

**BACKGROUND**

8. On June 14, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 4]. As of the date hereof, no party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committee has been appointed under section 1102 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth

in the *Declaration of Mark A. McFarland in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on the Petition Date [Docket No. 19].

9. On December 10, 2017, the Debtors' filed the *Third Amended Chapter 11 Plan of Reorganization of GenOn Energy, Inc. and its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan") [Docket No. 1213], which was confirmed by the Court on December 12, 2017 (the "Confirmation Order") [Docket No. 1250]. Pursuant to the Plan and Confirmation Order, the Debtors are currently engaged in a substantial marketing process to sell certain of their assets, with the aim of emerging from these chapter 11 cases in or around mid-2018. Pursuant to the Plan, the Debtors propose to pay alleged general unsecured claims, which may include the Natural Gas Plaintiffs' Claims, in full in cash, leaving such creditors unimpaired.

10. For more than a decade prior to the Petition Date, Debtors GenOn and RRI have at times been parties to multiple lawsuits currently consolidated in the MDL Litigation. The MDL Litigation plaintiffs generally allege that a large number of defendants, including, in some cases, GenOn and RRI, conspired with other defendants and/or third parties to increase the price of natural gas during the period between 2000 and 2002, in violation of federal and state antitrust and consumer protection laws.

11. More than fourteen years after its creation in November 2003, the MDL Litigation still is ongoing, and no trial dates have been set. Nonetheless, there has been substantial progress. The MDL Court has ruled on dispositive motions, dismissing claims brought by various plaintiffs (including some of the Natural Gas Plaintiffs) and claims against numerous defendants (including GenOn and RRI). The MDL Court has also ruled on disputed issues of law, establishing, for example, the applicable statutes of limitations for various claimants.

6

Meanwhile, five years of fact discovery closed in 2017, which included over 100 depositions, exchange of millions of documents, and production of tens of millions of transaction records. Similarly, with limited exceptions, the parties have completed expert discovery. In other words, after 14 years of due process, the substantial completion of discovery, and with the benefit of a series of decisions by the MDL Court and the Ninth Circuit, the remaining issues concerning the Proofs of Claim are ripe for decision by the Court under section 502 of the Bankruptcy Code.

12. The Natural Gas Plaintiffs are thirteen entities that currently have, or previously had, claims pending in the MDL Litigation against GenOn and/or RRI, and which filed Proofs of Claim against one or both of these Debtors. These Natural Gas Plaintiffs and their respective Proofs of Claim are set forth in Table 1, below. The thirteen Natural Gas Plaintiffs generally fall into four categories:

(i) three plaintiffs filed proofs of claim against RRI (but not GenOn) seeking unliquidated damages for alleged violations of Missouri antitrust law—Heartland Regional Medical Center, Northwestern Missouri State University, and Prime Tanning Corporation (collectively, the "Missouri Plaintiffs");

(ii) two plaintiffs filed proofs of claim against RRI (but not GenOn) seeking unliquidated damages for alleged violations of Kansas antitrust law—Learjet, Inc. and Topeka Unified School District 501 (collectively, "Kansas Plaintiffs");

(iii) seven plaintiffs filed proofs of claim against both RRI and GenOn seeking unliquidated damages for alleged violations of Wisconsin antitrust law—Arandell Corp., Merrick's, Inc., Sargento Foods, Inc., ATI Ladish, LLC (f/k/a Ladish Co., Inc.), Carthage College, Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin System, Inc.), and Briggs Stratton Corporation (collectively, the "Wisconsin Plaintiffs"); and

(iv) one plaintiff filed proofs of claim against both RRI and GenOn, each seeking damages of $212,660,811 for alleged violations of Kansas antitrust law—Reorganized FLI Corporation ("FLI").

*Table 1: Natural Gas Plaintiffs' Claims*[2]

| Plaintiff | Proof of Claim No. Against GenOn | Proof of Claim No. Against RRI | Asserted Damages Amounts |
|---|---|---|---|
| **Kansas Plaintiffs** | | | |
| Topeka Unified School District 501 | n/a | 1220 | Unliquidated |
| Learjet, Inc. | n/a | 1223 | Unliquidated |
| **Missouri Plaintiffs** | | | |
| Heartland Regional Medical Center | n/a | 1221 | Unliquidated |
| Northwest Missouri State University | n/a | 1225 | Unliquidated |
| Prime Tanning Corporation | n/a | 1226 | Unliquidated |
| **Wisconsin Plaintiffs** | | | |
| Arandell Corp. | 1191 | 1213 | Unliquidated |
| Briggs Stratton Corporation | 1192 | 1214 | Unliquidated |
| Carthage College | 1193 | 1215 | Unliquidated |
| ATI Ladish LLC (f/k/a Ladish Co., Inc.) | 1194 | 1216 | Unliquidated |
| Merrick's, Inc. | 1195 | 1217 | Unliquidated |
| Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin Systems, Inc.) | 1196 | 1218 | Unliquidated |
| Sargento Foods, Inc. | 1197 | 1219 | Unliquidated |
| **FLI** | | | |
| Reorganized FLI, Inc. | 704 | 720 | $212,660,811 (each) |

## ARGUMENT

**I. THE DEBTORS OBJECT TO THE PROOFS OF CLAIM.**

13. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."

14. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under

---

[2] In the MDL Litigation, the Missouri, Kansas, and Wisconsin Plaintiffs each filed suit on behalf of putative classes. The MDL Court denied their motions for class certification, and these denials remain under appeal before the United States Court of Appeals for the Ninth Circuit. On September 15, 2017, the Missouri, Kansas, and Wisconsin Plaintiffs moved this Court to allow them to file class proofs of claim. Docket No. 767. This Court denied the motion on November 1, 2017. *See* Docket No. 1165 (denying motion without prejudice); Docket No. 1073 (transcript of proceedings on Plaintiffs' motion). Accordingly, the Debtors believe each of the Proofs of Claim have been filed on behalf of the Natural Gas Plaintiffs in their individual capacities.

section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

15. Once a debtor objects to a proof of claim, the Bankruptcy Code mandates a determination of the amount of the claim absent certain exceptions that are inapplicable here. *See* 11 U.S.C. § 502(b) ("[I]f such objection to a claim is made, the court, after notice and a hearing, **shall** determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . .") (emphasis added).

16. As set forth in more detail in §§ II(A)-(F), *infra*, the Debtors object to the Proofs of Claim because the Proofs of Claim have no basis; the Debtors are not liable for the allegations set forth in the Proofs of Claim; and the Natural Gas Plaintiffs are not entitled to the damages sought in the Proofs of Claim.[3]

---

[3] To the extent necessary to facilitate a quick and efficient reorganization and resolve the potential need to reserve for contingent liabilities, the Debtors, without waiving the Objection, also seek to estimate the Natural Gas Plaintiffs' Proofs of Claims at zero dollars for all purposes. The Plan expressly authorizes bringing an estimation motion at any time, and for any reason, including after plan confirmation. *See* Exhibit A to *Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of GenOn Energy, Inc. and its Debtor Affiliates*, dated December 12, 2017 [D.I. 1250], Art. VII, § C. The Natural Gas Plaintiffs have alleged damages in the amount of at least several hundred million dollars. Claims estimation would facilitate timely implementation of the Plan and administration of these chapter 11 cases.

17. Additionally, eight Natural Gas Plaintiffs—FLI and the Wisconsin Plaintiffs—filed proofs of claim against both GenOn and RRI. Each of these eight Natural Gas Plaintiffs' Proofs of Claim against GenOn and RRI are identical to one another, other than the named Debtor. *Compare* POC No. 1191 to 1213 (Arandell Corp.); POC No. 1192 to 1214 (Briggs Stratton Corporation); POC No. 1193 to 1215 (Carthage College); POC No. 1194 to 1216 (ATI Ladish LLC (f/k/a Ladish Co., Inc.)); POC No. 1195 to 1217 (Merrick's Inc.); POC No. 1196 to 1218 (Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin Systems, Inc.)); POC No. 704 to 720 (Reorganized FLI, Inc.). Allowing duplicative claims could result in the applicable claimants receiving double recoveries against the Debtors to the detriment of other similarly situated creditors.

## II. DEBTORS' BASES FOR OBJECTING TO THE PROOFS OF CLAIM.[4]

### A. Six Natural Gas Plaintiffs Have No Claims Pending in the MDL Against GenOn.

18. The Debtors object to Plaintiffs' proofs of claim against GenOn because Plaintiffs' claims are predicated on the underlying MDL Litigation, ***and six of the Plaintiffs do not have claims against GenOn in that case***.

19. Eight Natural Gas Plaintiffs filed proofs of claim against GenOn: the Wisconsin Plaintiffs and FLI. One Plaintiff—Verso Minnesota Wisconsin LLC—did not name GenOn among the defendants in its operative complaint. [MDL Dkt. 1952]. And the MDL Court dismissed the claims of five of these plaintiffs—Arandell Corp., Merrick's, Inc., Sargento Foods, Inc., ATI Ladish LLC (f/k/a Ladish Co., Inc.), and Reorganized FLI, Inc.—against GenOn for lack of personal jurisdiction in 2009. [MDL Dkts. 1517, 1530]. These parties appealed the

---

[4] This is not an exhaustive list of the Debtors' challenges to the Natural Gas Plaintiffs, and Debtors reserve, and expressly do not waive, all rights to later pursue any other defenses to the Natural Gas Plaintiffs' Claims.

MDL Court's subsequent ruling that their allegations were preempted by federal law [MDL Dkt. 1972, 2044], but did not appeal from the order dismissing their claims against GenOn for lack of personal jurisdiction. *In re W. States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 724 (9th Cir. 2013). By failing to appeal the MDL Court's Order dismissing the claims against GenOn for lack of personal jurisdiction, these plaintiffs waived any further argument that GenOn was subject to personal jurisdiction in the MDL Litigation. *See id.* at 745 (plaintiffs' failure to appeal personal jurisdiction ruling in favor of defendant waives any personal jurisdiction argument as to that defendant).[5] With no claims against GenOn pending in the MDL litigation, and the relevant statutes of limitation having long since elapsed, these Natural Gas Plaintiffs have no basis for submitting Proofs of Claim against GenOn. And Verso, having failed to name GenOn as a defendant in the underlying litigation, similarly cannot elect to do so now. Thus, these six Natural Gas Plaintiffs' Proofs of Claim against GenOn should be disallowed.

      **B.    The Claims Filed by the Missouri Plaintiffs, the Kansas Plaintiffs, and FLI Are Time-Barred.**

20. According to their Proofs of Claim, the Missouri Plaintiffs contend that defendants conspired to manipulate natural gas prices between January 2000 and October 2002.[6] *See, e.g.*, POC No. 1221 at Ex. A thereto, p. 5. The statute of limitations for antitrust violations in Missouri is four years, Mo. Rev. Stat. § 416.131(2), and there is no factual basis for tolling the

---

[5] While the MDL Court later found in May 2016 the allegations in the Third Amended Complaint defeated a motion to dismiss based on lack of personal jurisdiction over GenOn as to two *other* newly-added plaintiffs who were not parties to the Second Amended Complaint (Carthage College and Briggs Stratton Corporation), [MDL Dkt. 2416], that ruling did not and could not resurrect the other five Natural Gas Plaintiffs' Claims against GenOn, which had been fully and finally dismissed six years earlier.

[6] This is at odds with the Plaintiffs' position in the MDL Litigation that the relevant time period is January 2000 to February 2002. MDL Docket 2309 at 1 n.1

statute of limitations.[7] Thus, the Missouri Plaintiffs' complaint, filed on March 22, 2007, is too late. Similarly, the Kansas Plaintiffs contend that defendants conspired to manipulate natural gas prices between January 2000 and October 2002. *See, e.g.*, POC No. 1223 at Ex. A thereto, p. 5. But like the Missouri Plaintiffs' Proofs of Claim, *see* n. 5, *supra*, the Kansas Plaintiffs' Proofs of Claim are at odds with their current position in the MDL Litigation that the relevant time period is January 2000 to February 2002. MDL Docket 2308 at 1 n.1. The statute of limitations for antitrust violations in Kansas is three years, Kan. Stat. § 60-512(2), and as with the Missouri Plaintiffs, there is no factual basis to toll the statute of limitations. Thus, the Kansas Plaintiffs' complaint, filed on September 26, 2005, is too late. And FLI's complaint, filed in Kansas on August 8, 2005, is time barred for the same reason. Accordingly, the Missouri and Kansas Plaintiffs' Proofs of Claim and the Proof of Claim filed by FLI should be disallowed.

        C.        **The Natural Gas Plaintiffs Are Not Entitled to Damages**.

21. Wisconsin Plaintiffs, Kansas Plaintiffs, and FLI each seek what are known as "full consideration" damages, *i.e.*, the return of *all* payments they made for natural gas during the relevant period. *See, e.g.*, POC No. 1191 at Ex. A thereto, p. 6 (Arandell seeking "the full amount Creditor paid related to natural gas purchases," pursuant to Wis. Stat. § 133.14); POC No. 1223 at Ex. A thereto, p. 5 (Learjet seeking "the full amount it paid for natural gas," pursuant to Kan. Stat. § 50-115); POC No. 704 at the amended complaint attached thereto, ¶ 63 (seeking damages under the Kansas full consideration statute). None of these plaintiffs are entitled to full consideration damages.

---

[7] On a motion for summary judgment, the MDL Court found that the claims were time-barred under both Kansas and Missouri law unless there was a basis for equitable tolling. MDL Docket No. 2957 at 19. The MDL Court then found that there was a disputed issue of fact as to whether there was a basis for equitable tolling, and thus denied the motion for summary judgment on that basis. *Id*. at 19-20. As described in the accompanying *Debtors' Expedited Motion to Schedule Certain Dates and Deadlines and Establish Certain Protocols in Connection with Debtors' Objection to Certain Proofs of Claim (Natural Gas Litigation)*, the Debtors propose a brief evidentiary hearing focused on resolving the equitable tolling issue.

22.     *First*, both the Kansas Plaintiffs and FLI seek full consideration damages pursuant to a repealed statute, and the MDL Court already granted a motion for summary judgment dismissing claims for full consideration damages on this basis.  MDL Docket No. 2957 at 7-10; *see also* Journal Entry Memorializing Rulings on Defendants' Motion for Partial Summary Judgment at 4, *Assoc. Wholesale Grocers, Inc. v. United Egg Producers*, No. 10-cv-2171 (Kan. Dist. Ct., Wyandotte Cnty. Oct. 3, 2013) (holding repeal of the full consideration statute operated retroactively, barring the plaintiffs' claims for full consideration damages even though they were made before the repeal).

23.     *Second*, the Wisconsin Plaintiffs cannot recover under the Wisconsin full consideration statute because they were not direct purchasers.  The Wisconsin full consideration statute, Wis. Stat. § 133.14, provides that any contract made by a member of an antitrust conspiracy is void, so any party making payments under such a contract may recover the payments.  *See in re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 746 (9th Cir. 2013).  Thus, to recover full consideration, a plaintiff must show that it purchased natural gas directly from a member of an antitrust conspiracy; the full consideration statute "does not provide for recovery for indirect purchasers or other non-parties to the contract." *Id*. at 747.  None of the Wisconsin Plaintiffs purchased natural gas directly from GenOn or RRI, and they are therefore ineligible to recover damages under the Wisconsin full consideration statute.

24.     The Missouri Plaintiffs seek three times the alleged overcharges on their natural gas purchases, pursuant to R.S. Mo. § 416.011.  *See, e.g.*, POC 1225 at ex. A thereto, p. 5.  The Wisconsin Plaintiffs and Kansas Plaintiffs, in the alternative to their requests for full consideration damages, similarly seek trebled overcharges under applicable Kansas and Wisconsin statutes.  *See, e.g.,* POC 1191 at ex. A thereto, pp. 5-6 (seeking "three times the

13

overcharge" pursuant to Wis. Stat. § 133.18); POC 1223 at ex. A thereto, p. 5 (seeking "three times the overcharge" pursuant to K.S.A. § 50-161).[8] However, after the close of both fact and expert discovery in the MDL Litigation, the Missouri, Wisconsin, and Kansas Plaintiffs all lack the requisite evidence to prove the amount of any alleged "overcharges."

25.   With no basis for recovering full consideration damages (Wisconsin Plaintiffs, Kansas Plaintiffs, FLI), and no ability to prove their actual damages (Wisconsin Plaintiffs, Kansas Plaintiffs, and Missouri Plaintiffs), the Proofs of Claim should be disallowed.

**D.   The Debtors Did Not Violate Antitrust Laws.**

26.   Each Proof of Claim asserts state law antitrust claims against GenOn and/or RRI. *See, e.g.,* POC 1221 (alleging violations of Kan. Stat. § 50-101 *et seq.*); POC 1225 (alleging violations of R.S. Mo. § 416.011 *et seq.*); POC 1219 (alleging violations of Wis. Stat. § 133.03 *et seq.*). While there is some variability among Kansas, Missouri, and Wisconsin antitrust law, they all require a showing of a combination or conspiracy with the purpose and/or effect of manipulating prices. *See, e.g.,* K.S.A. 50-101 (declaring unlawful any "combination of capital, skill, or acts, by two or more persons . . . [t]o increase or reduce the price of merchandise, produce or commodities."); V.A.M.S. § 416.031(1) (declaring "combination or conspiracy in restraint of trade or commerce" unlawful); W.S.A. § 133.03(1) (same). Neither GenOn nor RRI entered into any combination or conspiracy with the purpose or effect of manipulating prices. The Natural Gas Plaintiffs thus cannot prove the most fundamental element of their claims, and such claims should be disallowed.[9]

---

[8]   FLI does not seek overcharge damages in the alternative to its request for full consideration damages. However, even if FLI were permitted to seek overcharge damages, they, too, are unable to prove the amount of such damages.

[9]   The Debtors also object to the claims filed by Reorganized FLI, Inc., Arandell Corporation, Briggs & Stratton Corporation, Carthage College, and Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin Systems, Inc.) (collectively, the "NYMEX Plaintiffs") because they were members of a consolidated class action brought and

**RESERVATION OF RIGHTS**

27. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to the Proofs of Claims on any ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections they may have.

**NOTICE**

28. The Debtors will provide notice of this Objection to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wilmington Trust Company, as indenture trustee for the GenOn Energy, Inc. 7.875% Senior Notes due 2017, 9.50% Senior Notes due 2018, and 9.875% Senior Notes due 2020 (collectively, the "GenOn Notes"), and counsel thereto; (d) Wilmington Savings Fund Society, FSB, as successor indenture trustee for the GenOn Americas Generation, LLC 8.50% Senior Notes due 2021 and 9.125% Senior Notes due 2031 (collectively, the "GAG Notes"), and counsel thereto; (e) NRG Energy, Inc., as administrative agent under the Debtors' secured prepetition revolving facility due 2018 (the "Revolver"), and counsel thereto; (f) U.S. Bank National Association, as collateral trustee under the Revolver; (g) Davis Polk & Wardwell LLP, as counsel to the GenOn Ad Hoc Group (as defined in the Plan); (h) Quinn Emanuel Urquhart & Sullivan, LLP, as counsel to the GAG Ad Hoc Group (as defined in the Plan); (i) the United States Attorney's Office for the Southern

---

settled in the Southern District of New York. *In re Natural Gas Commodity Litig.*, No. 03 Civ. 6186 VM (S.D.N.Y.) ("*NYMEX*"). The *NYMEX* case settled in May 2006, *see* MDL Docket No. 2300-5, ¶ 6(a), and the MDL Court ruled that the settlement released the NYMEX Plaintiffs' claims against the Debtors. MDL Docket Nos. 2416 at 12-13, 2957 at 12, 2987 at 7. Because the Debtors' other defenses are sufficient grounds for objecting to the NYMEX Plaintiffs' claims, *see supra* at [], *infra* at [], and because the MDL Court's ruling as to FLI is on appeal to the Ninth Circuit, *see, e.g.*, *Reorganized FLI, Inc. v. CMS Marketing Services, et al*, No. 16-17279 (9th Cir.), the Debtors reserve the right to raise an objection on this basis following the Ninth Circuit's ruling, if necessary.

District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (m) the state attorneys general for states in which the Debtors conduct business; (n) Milbank, Tweed, Hadley & McCloy LLP, as counsel to the Owner Lessor Plaintiffs; (o) Kohner, Mann & Kailas, S.C., as counsel to Arandell Corporation, Briggs & Stratton Corporation, Carthage College, ATI Ladish LLC (f/k/a Ladish Co., Inc.), Merrick's, Inc. Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin Systems, Inc.), and Sargento Foods, Inc.; (p) Charles Rubio, Diamond McCarthy LLP, as counsel to Reorganized FLI, Inc.; (q) Andrew Nazar, as counsel to Heartland Regional Medical Center, Learjet, Inc., Northwest Missouri State University, Prime Tanning Corp., and Topeka Unified School District 501; and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## NO PRIOR REQUEST

29. No prior request for the precise relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of orders, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  February 26, 2018<br>Houston, Texas | */s/ Zack A. Clement*<br>Zack A. Clement (Texas Bar No. 04361550)<br>**ZACK A. CLEMENT PLLC**<br>3753 Drummond Street<br>Houston, Texas 77025<br>Telephone:     (832) 274-7629<br>Email:            zack.clement@icloud.com |

                  -and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
David R. Seligman, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                    david.seligman@kirkland.com
                    steven.serajeddini@kirkland.com
                    benjamin.winger@kirkland.com

                  -and-

AnnElyse Scarlett Gibbons (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            annelyse.gibbons@kirkland.com

                  - and -

Mark McKane, P.C. (admitted *pro hac vice*)
Ashley E. Littlefield (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**

17

**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500
Email:           mark.mckane@kirkland.com
                    ashley.littlefield@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on February 26, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Zack A. Clement
Counsel