## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENON ENERGY, INC., et al., [1] | ) | Case No. 17-33695 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### CLAIMANTS' EXPEDITED MOTION FOR AN ORDER AUTHORIZING CLAIMANTS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION AND LIMITING NOTICE THEREOF
#### (Re: Docket No. 1629)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Under Sections 105(a) and 107(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9018 and Local Rule 9037–1, Heartland Regional Medical Center, Northwest Missouri State University, Prime Tanning Corporation (together, the "Missouri Plaintiffs"); Learjet, Inc., Topeka Unified School District 501 (together, the "Kansas Plaintiffs"); NewPage Wisconsin System Inc. (n/k/a Verso Minnesota Wisconsin LLC), Arandell Corp., Merrick's, Inc., Sargento Foods, Inc., Ladish Co., Inc. (n/k/a ATI Ladish LLC), Carthage College, and Briggs & Stratton Corporation (together, the "Wisconsin Plaintiffs") (collectively, the "Claimants") file this motion (this "Motion") for entry of an order substantially in the form of **Exhibit A** (the "Sealing Order") authorizing the Claimants to file under seal **Exhibits D through I** (the "Proposed Sealed Exhibits") to Claimants' Response Brief, and provide the Proposed Sealed Exhibits for Claimants Witness and Exhibit Lists for the Hearing set on May 31, 2018 (the "Exhibit List") to the Debtors counsel and Court by email and under seal.

The Proposed Sealed Exhibits are subject to a Confidentiality Order in the pending MDL Litigation thus are required to be filed under seal.

## JURISDICTION AND AUTHORITY

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory and legal predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9037–1.

## RELIEF REQUESTED

3.     Under Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9037–1, the Claimants request that the Court allow the Claimants to: (1) file unredacted copies of the Proposed Seal Exhibits under seal; and (2) serve these documents on (a) the Debtors, via email to their counsel, (b) the Court, via email to Chambers, (c) Reorganized FLI, Inc., via email to their counsel and (d) any other parties to whom the Debtors and Claimants expressly authorize service (collectively, the "Limited Notice Parties").

## BASIS FOR RELIEF

4.     Pursuant to Section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential information. Section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

5.     Bankruptcy Rule 9018 implements Section 107(b) of the Bankruptcy Code and provides in relevant part:

61315198.1

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

6.      Although there is a presumption in favor of public access to court records, such access is not without limit. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Sections 105(a) and 107(b), Bankruptcy Rule 9018 and Local Rule 9037–1 authorize this Court to limit public access under the circumstances present in this matter. The Proposed Seal Exhibits and the Response Brief are based upon certain non-public information that is subject to the Protective Order in the MDL Litigation. The Claimants thus request authority to file such information under seal to avoid public disclosure of Confidential Information subject to a protective order.

## BASIS FOR EXPEDITED RELIEF

7.      Given that a hearing on is on the matter of the response briefs is set for May 31, 2018, the Claimants request expedited consideration of this Motion.

## CONCLUSION

8.      For the reasons set forth herein, Claimants request that the Court issue an order substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion; (b) authorizing the Claimants (i) to file under seal the Proposed Sealed Exhibits and (ii) to serve these documents only on the Limited Notice Parties via email; and (c) granting such other and further relief as may be just and proper.

Respectfully submitted,

POLSINELLI PC

 /s/ Andrew J. Nazar
TREY A. MONSOUR          TX Bar No. 14277200
1000 Louisiana Street
Fifty-Third Floor
Houston, Texas 77002
(713) 374-1600
Fax No. (713) 374-1601
tmonsour@polsinelli.com

-and-

RUSSELL S. JONES, JR.
ANDREW ENNIS (*admitted pro hac vice*)
ANDREW J. NAZAR (*admitted pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
Fax No. (816) 753-1536
rjones@polsinelli.com
aennis@polsinelli.com
anazar@polsinelli.com

ATTORNEYS FOR CLAIMANTS

-and-

ROBERT L. GEGIOS (*admitted pro hac vice*)
RYAN M. BILLINGS (*admitted pro hac vice*)
SAMUEL C. WISOTZKEY (*admitted pro hac vice*)
KOHNER, MANN & KAILAS, S.C.
Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, Wisconsin 53212
(414) 962-5110
Fax: (414) 962-8725
rgegios@kmksc.com
rbillings@kmksc.com
swisotzkey@kmksc.com

ATTORNEYS FOR THE CLAIMANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2018, a true and correct copy of *Claimants' Expedited Motion for an Order Authorizing Claimants to File Under Seal Certain Confidential Information and Limiting Notice Thereof* was served electronically to Debtors' counsel, the U.S. Trustee, and the interested parties registered to receive ECF notification from the court.

*/s/  Andrew J. Nazar*

61315198.1