### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GENON ENERGY, INC., *et al.*,[1] | ) ) ) | Case No. 17-33695 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | **Re: Docket No. 1641** |

## EXPEDITED JOINT MOTION FOR AN ORDER AUTHORIZING DEBTORS AND REORGANIZED FLI, INC. TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTIES TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTIES CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTIES. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Reorganized FLI Inc. ("FLI" and together with the Debtors, the "Parties") file this motion (this "Motion") for entry of an order substantially in the form attached hereto authorizing the Parties to file under seal the Settlement Amount set forth in the *Stipulation Resolving Debtors' Objection To Reorganized FLI, Inc.'s Proofs of Claim* (the "Stipulation").

## JURISDICTION AND AUTHORITY

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory and legal predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9037–1.

## BASIS FOR RELIEF

3. Pursuant to Section 107(b) of the Bankruptcy Code, the Court is authorized to

issue orders to protect entities with respect to certain confidential information. Section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

4. Bankruptcy Rule 9018 implements Section 107(b) of the Bankruptcy Code and provides in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

5. Although there is a presumption in favor of public access to court records, such access is not without limit. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Sections 105(a) and 107(b), Bankruptcy Rule 9018 and Local Rule 9037–1 authorize this Court to limit public access under the circumstances present in this matter. The precise settlement authority for the Debtors and FLI to resolve the disputes addressed in the Stipulation are highly confidential. The Settlement Amount (as such term is defined in the Stipulation) is akin to a trade secret or commercial information because this information could be used against the Debtors or Farmland in future negotiations regarding the settlement of similar disputes.

## BASIS FOR EXPEDITED RELIEF

6. The hearing to consider the Debtors' *Objection to Certain Proofs of Claim (Natural Gas Litigation)* [Docket No. 1481] (the "Claim Objection") is scheduled for tomorrow, May 31, 2018. The Debtors and FLI intend to seek the Court's approval of the Stipulation that will resolve the Claim Objection with respect to FLI's proofs of claim.

## CONCLUSION

7. For the reasons set forth herein, the Debtors and Farmland request that the

Court issue an order substantially in the form attached hereto granting this Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: May 30, 2018<br>Houston, Texas | /s/ *Zack A. Clement*<br>Zack A. Clement (Texas Bar No. 04361550)<br>**ZACK A. CLEMENT PLLC**<br>3753 Drummond Street<br>Houston, Texas 77025<br>Telephone:   (832) 274-7629<br>Email: zack.clement@icloud.com<br><br>-and-<br><br>James H.M. Sprayregen, P.C. (admitted *pro hac vice*)<br>David R. Seligman, P.C. (admitted *pro hac vice*)<br>Steven N. Serajeddini (admitted *pro hac vice*)<br>W. Benjamin Winger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:         james.sprayregen@kirkland.com<br>                    david.seligman@kirkland.com<br>                    steven.serajeddini@kirkland.com<br>                    benjamin.winger@kirkland.com<br><br>-and-<br><br>Ann Elyse Scarlett Gibbons (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>655 Fifteenth Street, N.W.<br>Washington, District of Columbia 20005<br>Telephone:   (202) 879-5000<br>Facsimile:    (202) 879-5200<br>Email:         annelyse.gibbons@kirkland.com<br><br>-and-<br><br>Mark McKane, P.C. (admitted *pro hac vice*)<br>Ashley E. Littlefield (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>555 California Street<br>San Francisco, California 94104 |

|  |  |
|---|---|
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | Email: mark.mckane@kirkland.com |
| | ashley.littlefield@kirkland.com |

*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| Dated: May 30, 2018 | */s/ Charles M. Rubio* |
| Houston, Texas | Charles M. Rubio (Texas Bar No. 24083768*)* |
| | Michael D. Fritz (Texas Bar No. 24083029*)* |
| | **DIAMOND McCARTHY LLP** |
| | 909 Fannin Street, Suite 3700 |
| | Houston, Texas 77010 |
| | Telephone: (713) 333-5100 |
| | Facsimile: (713) 333-5199 |
| | Email: crubio@diamondmccarthy.com |
| | mfritz@diamondmccarthy.com |

*Counsel for Reorganized FLI, Inc.*

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 1100, 1481, 1528** |

**ORDER AUTHORIZING DEBTORS AND REORGANIZED FLI, INC. TO FILE
UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**

Upon the Joint Motion of the Debtors and Reorganized FLI Inc. ("FLI" or "Farmland" and together with the Debtors, the "Parties") for entry of an order authorizing the Parties to file the Settlement Amount set forth in the *Stipulation Resolving Debtors' Objection To Reorganized*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GenOn Energy, Inc. (5566); GenOn Americas Generation, LLC (0520); GenOn Americas Procurement, Inc. (8980); GenOn Asset Management, LLC (1966); GenOn Capital Inc. (0053); GenOn Energy Holdings, Inc. (8156); GenOn Energy Management, LLC (1163); GenOn Energy Services, LLC (8220); GenOn Fund 2001 LLC (0936); GenOn Mid-Atlantic Development, LLC (9458); GenOn Power Operating Services MidWest, Inc. (3718); GenOn Special Procurement, Inc. (8316); Hudson Valley Gas Corporation (3279); Mirant Asia-Pacific Ventures, LLC (1770); Mirant Intellectual Asset Management and Marketing, LLC (3248); Mirant International Investments, Inc. (1577); Mirant New York Services, LLC (N/A); Mirant Power Purchase, LLC (8747); Mirant Wrightsville Investments, Inc. (5073); Mirant Wrightsville Management, Inc. (5102); MNA Finance Corp. (8481); NRG Americas, Inc. (2323); NRG Bowline LLC (9347); NRG California North LLC (9965); NRG California South GP LLC (6730); NRG California South LP (7014); NRG Canal LLC (5569); NRG Delta LLC (1669); NRG Florida GP, LLC (6639); NRG Florida LP (1711); NRG Lovett Development I LLC (6327); NRG Lovett LLC (9345); NRG New York LLC (0144); NRG North America LLC (4609); NRG Northeast Generation, Inc. (9817); NRG Northeast Holdings, Inc. (9148); NRG Potrero LLC (1671); NRG Power Generation Assets LLC (6390); NRG Power Generation LLC (6207); NRG Power Midwest GP LLC (6833); NRG Power Midwest LP (1498); NRG Sabine (Delaware), Inc. (7701); NRG Sabine (Texas), Inc. (5452); NRG San Gabriel Power Generation LLC (0370); NRG Tank Farm LLC (5302); NRG Wholesale Generation GP LLC (6495); NRG Wholesale Generation LP (3947); NRG Willow Pass LLC (1987); Orion Power New York GP, Inc. (4975); Orion Power New York LP, LLC (4976); Orion Power New York, L.P. (9521); RRI Energy Broadband, Inc. (5569); RRI Energy Channelview (Delaware) LLC (9717); RRI Energy Channelview (Texas) LLC (5622); RRI Energy Channelview LP (5623); RRI Energy Communications, Inc. (6444); RRI Energy Services Channelview LLC (5620); RRI Energy Services Desert Basin, LLC (5991); RRI Energy Services, LLC (3055); RRI Energy Solutions East, LLC (1978); RRI Energy Trading Exchange, Inc. (2320); and RRI Energy Ventures, Inc. (7091). The Debtors' service address is: 804 Carnegie Center, Princeton, New Jersey 08540.

*FLI, Inc.'s Proofs of Claim* (the "<u>Stipulation</u>") under seal, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The Parties are authorized to file under seal the Settlement Amount as defined in the Stipulation.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3

SO ORDERED this ___ day of _____, 2018

                                                      THE HONORABLE DAVID R. JONES
                                                      UNITED STATES BANKRUPTCY JUDGE