**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
12/20/2019

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENON ENERGY, INC., *et al.*,[1] | ) | Case No. 17-33695 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL DECREE GRANTING REORGANIZED
DEBTORS' MOTION FOR ENTRY OF A FINAL
DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**
(Docket No. 2152)

Upon the motion (the "Motion")[2] of the above-captioned Reorganized Debtors for entry

of an final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and

Bankruptcy Rule 3022, closing the Affiliate Cases; the Court finds that: (i) it has jurisdiction over

the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best

interests of the Reorganized Debtors and their creditors; (iv) proper and adequate notice of the

Motion and the hearing thereon has been given, and no other or further notice is necessary except

as set forth herein; and (v) good and sufficient cause exists for the granting of the relief requested

in the Motion after having given due deliberation upon the Motion and all of the proceedings had

before the Court in connection with the Motion,

---

[1] Due to the large number of Reorganized Debtors in these chapter 11 cases, for which joint administration has been granted with the lead case styled as *In re GenOn Energy, Inc.*, a complete list of the Reorganized Debtors and the last four digits of their tax identification is not provided herein. A complete list of such information may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://dm.epiq11.com/genon. The location of the Reorganized Debtors' service address is 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Affiliate Cases hereby are closed; *provided*, that this Court shall retain exclusive jurisdiction as provided in the Confirmation Orders:

| Debtor | Case No. |
|---|---|
| GenOn Energy Holdings, Inc. | 17-33699 |
| NRG Delta LLC | 17-33721 |
| NRG Wholesale Generation LP | 17-33739 |
| RRI Energy Services, LLC | 17-33750 |

3.      The Remaining Cases shall remain open pending the entry of a final decree by this Court closing the Remaining Cases, including for the purposes of administering any remaining matters.

4.      Any remaining matters, whether or not they pertain to the Remaining Cases or the Affiliate Cases, including any claims objections with respect to claims against the Affiliate Debtors, shall be filed, administered, and adjudicated in the Remaining Cases without the need to reopen the Affiliate Cases.  Any failure of the the Reorganized Debtors or any Entity authorized pursuant to the Plans, as applicable, to file an objection to any claim or interest in the Affiliate Cases on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed Allowed (as defined in the Plans) against or in any Reorganized Debtor.  Any objections to claims against or interests in the Affiliate Debtors may be filed, administered, and adjudicated in the Remaining Cases.

5.      All further reporting concerning the administration of the assets and liabilities of the Affiliate Debtors shall occur only in the Remaining Cases.  A docket entry shall be made in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will

occur only in the case of GenOn Energy, Inc., Case No. 17-33695.  The docket in Case No. 17-33695 should be consulted for all matters affecting this case.

6.      The Affiliate Debtors shall (a) file and otherwise provide to the United States Trustee their Chapter 11 Post-Confirmation Quarterly Summary Reports with respect to the reporting periods through and including the date of entry of this Order, and (b) pay all United States Trustee Quarterly Fees due and owing for all reporting periods through and including the date of entry of this Order.

7.      Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party-in-interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

8.      Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity; (b) a waiver of the right of the Reorganized Debtors or any Entity authorized pursuant to the Plans, as applicable, to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Decree or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Reorganized Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Reorganized Debtors or any Entity authorized pursuant to the Plans, as applicable, that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Reorganized Debtors or any Entity

3

authorized pursuant to the Plans, as applicable, expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.      The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10.      Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed:  December 18, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**